## In the Matter of the Estate of PERCY B. PARKER, Deceased.

Surrogate's Court, Richmond County, October 25, 1939.

*Jerome M. Hirsch* [*Thomas McLaughlin* of counsel], for the State Tax Commission.

*Barry, Wainwright, Thacher & Symmers* [*Howard Nichols* of counsel], for the ancillary executor.

*Ernest T. Lindemann,* ancillary executor in person.

BOYLAN, S. This is an appeal by the State Tax Commission from the *pro forma* order dated June 23, 1932. The Commission claims that the order is erroneous and that it does not include among the taxable assets and does not assess a tax against an undivided remainder interest in a residuary trust created under the will of decedent's father who died in Great Britain.

After hearing, the court finds as a fact that the decedent was a domiciled resident of the county of Richmond, State of New York. The question is whether the State of New York has the right to tax intangible property in Great Britain. The United States Supreme Court in *Graves* v. *Elliott* (307 U. S. 383), reversing the Court of Appeals of this State in *Matter of Brown* (274 N. Y. 10), held that the State of New York may constitutionally tax the relinquishment at death by a resident of New York State of a power to revoke a trust of intangibles held by a trustee in the State of Colorado and that the power of disposition of property is equivalent to ownership and that its exercise in the case of intangibles was the appropriate subject of taxation at the place of domicile of the owner of the power. The court also held that the relinquishment at death in consequence of the non-exercise in life of a power to revoke a trust created by a decedent was likewise an appropriate subject of taxation.

The assets in the case at bar, with the exception of the real estate, which under no circumstances would be taxable whether the decedent was a resident or non-resident, are of the same character as was the property in the case of *Graves* v. *Elliott* (*supra*).

This court holds that as the decedent was a domiciled resident of the State of New York, the intangible property in Great Britain is taxable by the State of New York.

The appeal of the State Tax Commission is sustained and the matter remitted to the appraiser for action and report in accordance with this decision.